ORIGINAL

JESSE A. WAGNER
MS: F54554
5150 O'Byrnes Ferry Road
Jamestown, CA 95327

Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

"550"

| | |
|---|---|
| JESSE WAGNER, Plaintiff, vs. MICHAEL BADA, in his official and individual capacity; the County of San Bernardino; and DOE 1 through 10, Defendants. | Case No. EDCV10-1421 (RNB) COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) Count 1: Eighth Amendment, USCA Count 2: First Amendment, USCA Count 3: Supervisor Liability [JURY TRIAL DEMANDED] |

Plaintiff, JESSE WAGNER, (hereinafter "plaintiff") alleges as follows:

1. Plaintiff was, and at all times mentioned herein, an inmate at the West Valley Detention Center (WVDC), owned and operated by the County of San Bernardino, entrusted to the Sheriff's Department. The West Valley Detention Center is located at 9500 Etiwanda Avenue, in Rancho Cucamonga,

LODGED
CLERK, U.S. DISTRICT COURT
SEP 17 2010
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP - 1 2010
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

California. The WVDC is owned and operated by the County of San Bernardino. The WVDC is within this Courts jurisdiction and each cause of action occurred therein. This Court has jurisdiction of the complaint in accordance with 28 USC §1931 subdivision (b).

2. Plaintiff is informed and believe and based thereon allege that Defendant BADA is a resident of the County of San Bernardino, within this Courts jurisdiction.

3. Plaintiff is informed and believe and based thereon allege that all of the defendants, and each of them were acting within the course and scope of their employment and were the agents, servants, employees, and/or representatives of the County of San Bernardino or of some other unknown entity.

4. Plaintiff is informed and believe and based thereon allege that all of the defendants, and each of them, were acting in their official capacity, under the color of law at all times mentioned herein. Plaintiff further alleges that defendant BADA is a duly sworn peace officer within the meaning of Penal Code 830 et seq., and employed by the San Bernardino County Sheriff's Office at all times mentioned herein.

5. Plaintiff is informed and believe and based thereon allege that at all times mentioned in the complaint, defendant BADA was assigned as a Deputy Sheriff at WVDC and in housing unit 7 owned by the County of San Bernardino and entrusted to him at all times mentioned herein.

## INTRODUCTION

6. This is a complaint for damages arising out of an incident that occurred at the WVDC during the month of October 2006. Defendant BADA is alleged to have violated Plaintiff WAGNER'S Eighth Amendment Right to remain free from Cruel and Unusual Punishment. Defendant BADA acted with deliberate indifference to a condition of confinement which he caused, to wit: causing a slip hazard, and thereafter, instructed Plaintiff WAGNER to walk through the hazard, knowing that the hazard he caused posed a substantial risk of serious harm to Plaintiff WAGNER. Plaintiff WAGNER did slip and fall, causing him sufferage of a concussion, loss of consciousness, neurological damage, and continuous pain and suffering.

7. In a second cause of action, Defendant BADA violated Plaintiff WAGNER'S right to be free from retaliation as safeguarded by the First Amendment to the United States Constitution. Defendant BADA harassed, threatened, intimidated, and otherwise attempted to "Chill" Plaintiff WAGNER from pursuing a complaint with the Sheriff's Department.

8. Plaintiff is unaware of the true names of those defendants sued as DOES 1-10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when the same has been ascertained with specifity. Plaintiff is informed and believes and based thereon alleges that each of these fictitiously named defendants are responsible in some manner for the acts and/or omissions herein described; and/or proximately caused the injuries and damages to Plaintiff

WAGNER as herein alleged.

SPECIFIC ALLEGATIONS

9. Plaintiff was incarcerated at the WVDC between the dates of September 9, 2003 and January 2, 2007.

10. On or in October of 2006, Plaintiff WAGNER was housed at the WVDC in the unit known as Unit 7.

11. Defendant BADA was assigned to Unit 7. During the evening meal time, Defendant BADA ordered the inmates assigned to "D-tank" of Unit 7 to line up against the side walls. He further instructed all inmates to turn with their faces towards the walls and instructed the inmates not to move.

12. Defendant BADA initiated a search of the bunk bed area. During the course of the search, Defendant BADA threw food across the housing unit, causing it to strike the enterance area. One of the items thrown was a 8 ounce container with milk inside. The container fell short of the enterance wall, striking the floor, spilling the contents onto the floor between several permenantly mounted metal tables.

13. Defendant BADA did not tell anyone that there was a spillage of liquid on the floor. Plaintiff was unaware of the spillage on the floor.

14. Defendant BADA instructed the inmates to turn around. Plaintiff complied. He then instructed each inmate to walk directly to their seats; any delay would be understood to be an act of aggression and he "would respond accordingly."

15. Plaintiff was unaware that the container had landed between the tables and was unaware that there was any liquid on the floor.

16. Plaintiff began to walk to his assigned seat, under the direction of Defendant BADA. Plaintiff stepped, unkowingly, in the liquid hazard, causing him to become airborn, ultimately landing on his head and back.

17. Plaintiff lost consciousness.

18. Deputy NAVARRO arrived and initiated first aid to plaintiff until paramedics arrived.

19. Paramedics transported plaintiff to Arowhead Regional Medical Center whereupon he was diagnosed with a concussion and lower back neurologia. After plaintiff was treated, he was returned to the WVDC.

20. The following day, plaintiff submitted an inmate "grievance." A grievance is a complaint to staff in writing.

21. Deputy BADA began his campaign of torture against plaintiff. He took plaintiff into the hallway outside of camera view, and began to interrogate and threaten plaintiff. He told plaintiff to discontinue his grievance or he (plaintiff) would get into "a lot of problems." Defendant BADA made it unambiguously clear, if plaintiff continued the grievance, "things would get worse." In a subsequent incident, Defendant BADA took plaintiff and CHAD BURKETT to the Unit 7 yard. Defendant BADA instructed Plaintiff and BURKETT to kneel down on the cement, while their ankles were crossed, and noses against the wall. Defendant BADA again threatened Plaintiff and told both Burkett and Plaintiff that they were his "bitches" and that if Plaintiff want's to grieve this too, he would esculate the response by Defendant BADA. Unbeknownst to Defendant BADA, another inmate called Plaintiff's mother who contacted the on-duty sergeant. That sergeant interrupted Defendant BADA's attack on Plaintiff and Burkett.

22. Subsequently, Plaintiff was seen by a nurse as a follow-up to his pain complaints. Defendant BADA and another Deputy were present. The nurse treatment room was an area where medical staff could confidentially examine inmates. Defendant BADA and the other Deputy insisted that they were going to be present. Defendant BADA then told Plaintiff to exit the treatment room. Deputy BADA spoke with the nurse at length. When Plaintiff returned, the nurse said that she was aware of what was going on and provided Wagner no further treatment.

23. Plaintiff again sought medical attention for his constant pain complaints and Defendant BADA interferred. Defendant BADA again insisted on being present while the nurse examined Plaintiff. Plaintiff again asked that he leave; defendant BADA refused. The nurse called her supervisor and was instructed to reschedule a meeting for treatment of Plainitif.

24. Plaintiff filed a claim with the County of San Bernardino.

25. After leaving the WVDC, plaintiff continues to suffer lower back pain, depression as a result of the injury, severe and constant headaches; and injuries from the fall.

FIRST CAUSE OF ACTION
EIGHTH AMENDMENT VIOLATION FOR CRUEL AND UNUSUAL PUNNISHMENT
BY PLAINTIFF AGAINST DEFENDANT BADA AND DOES 1-10

26. By this reference, plaintiff incorporates paragraphs 1 through 25, above, as though fully set forth herein.

27. Defendant BADA and DOES 1 through 10 did, with deliberate indifference and/or with callous disregard to the safety of Plaintiff knowingly cause a substantial risk of serious

harm to Plaintiff by throwing a full container of liquid onto the floor, causing the contents to spill, then instruct plaintiff to walk through it under the fear of harm if he failed to do so. Said conduct was without penological justification. Defendant had a duty to inform Plaintiff of the hazard and failed to do so.

28. Defendant BADA was aware of said risk's associated with his conduct, and aware of the likihood of serious harm his conduct would cause.

29. Defendant BADA then acted with a deliberate disregard for said risk.

30. Clearly established law as set forth by the United States Supreme Court require a deputy sheriff to refrain from causing a substantial risk of harm from inmates. The acts of Defendant BADA was contrary to clearly established federal law.

31. Therefore, Defendant BADA is liable under the Eighth Amendment of the United States Constitution because he knew Plaintiff faced a substantial risk of serious harm and he then disregarded that risk by failing to take reasonable measures to abate it. (Clem v. Lomeli 566 F.3d 1177 (C.A.(Cal. 2009)

32. Plaintiff Wagner prays that he receive compensatory damages; puntitive damages; and special damages in an amount according to proof at trial. Plaintiff prays this Court issue any further relief as may be just and proper.

SECOND CAUSE OF ACTION
FIRST AMENDMENT VIOLATION - RETALIATION & CHILLING
BY PLAINTIFF AGAINST DEFENDANT BADA AND DOES 1 - 10

33. By this reference, plaintiff realleges and reincorporates each and every paragraph above (1 through 32) as though fully set forth herein.

34. Plaintiff further alleges that he has a right to pursue redress of grievances in accordance with WVDC's policy governing "Inmate Grievances."

35. The acts of Defendant BADA and DOES 1 - 10, were designed with the intent and purpose to chill plaintiff from pursing the grievance procedure.

36. The Constitution of the United States provides protections against "deliberate retaliation" by Defendant's against Plaintiff for exercising his right to petition for redress of grievances.

37. The acts of Defendant BADA and DOES 1 - 10 violated plaintiff's right to be free from deliberate retaliation.

38. Plaintiff Wagner prays that he receive compensatory damages; punitive damages; and special damages in an amount according to proof at trial. Plaintiff prays this Court issue any further relief as may be just and proper.

THIRD CAUSE OF ACTION
SUPERVISOR LIABILITY
BY PLAINTIFF AGAINST DEFENDANT DOES 1 - 10

39. By this reference plaintiff hereby incorporates and realleges each and every allegation as set forth in paragraphs 1 through 38 above as though fully set forth herein.

40. At all times relevant to this complaint, Defendant BADA, as a Deputy Sheriff of the San Bernardino County Sheriff's Office, was acting under the direction and control of supervisor DOE 1 through 10.

41. While acting under the color of law and pursuant to official policy or custom, defendant DOE 1 through 10, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis, Defendant BADA in his duties to refrain from (1) improper search techniques of inmate housing; (2) to refrain from causing a substantial risk of harm to the safety and harm to inmates; and (3) to refrain from intimidating, retaliating against, and chilling plaintiff's attempt to seek redress of grievances occurring in the WVDC; (4) conspiring to violate the rights, privileges, and immunities guaranteed to plaintiff by the constitution and laws of the United States and the laws of the State of California; and (5) otherwise depriving plaintiff of his constitutional and statutory rights, privileges, and immunities.

42. Defendant DOE 1 through 10 had knowledge of, or had they diligently exercised their duties on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant DOE 1 through 10 had the power to prevent or to aid in the prevention of the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

43. Defendant DOE 1 through 10 directly or indirectly, under the color of law, approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of Defendant BADA as heretofore described.

44. As a direct and proximate cause of the acts of Defendant DOE 1 through 10 as set forth in paragraphs 39 through 43 above, plaintiff has suffered physical injury, medical expenses, severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the First, Eighth, and Fourteenth Amendments to the United States Constitution and protected by 42 USC § 1983.

45. Wherefore, Plaintiff WAGNER DEMANDS JUDGMENT against Defendant BADA and DOES 1 through 10, jointly and severly, for compensatory damages in an amount according to proof at trial and further demands judgment against each of said defendants jointly and severly, for puntitive damages in an amount according to proof at trial, plus the costs of this action and such other relief as the court deems just and proper.

Dated: 8/28/2010

Jesse Wagner



JESSE WAGNER
F54554
5150 O'BYRNES FERRY RD
JAMESTOWN CA 95327

SIERRA CONSERVATION CENTER
STATE PRISON

UNITED STATES POSTAGE
02 1M
0004272132
MAILED FROM

RECEIVED
CLERK, US DISTRICT COURT
SEP - 1 2010
CENTRAL DISTRICT OF CALIFORNIA
BY
MR

DID NOT COME THROUGH
LEGAL-
NOT PROCESSED AS LEGAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CLERK OF THE COURT
312 N. SPRING STREET #G-8
LOS ANGELES CA 90012-4793